No. 4:09-cv-00186

HABEAS CORPUS NOS: 530

United States District Court
Southern District of Texas
FILED

MAR 2 3 2009

Michael N. Milby, Clerk

IN THE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

WESLEY EARL MASSOTH

Petitioner

V.

NATHANIEL QUARTERMAN

TDCJ Director

Respondent

PETITIONER'S BRIEF

Wesley Earl Massoth
TDCJ #1176823
Pro Se, Petitioner
James V. Allred Unit
2101 FM 369 North
Iwoa Park, TX 76367

## STATEMENT OF PRO SE ISSUE

Petitioner is neither a lawer or paralegal, therefore Petitioner relies heavily upon Haines V. Kernal Etal. 92 S.Ct. 564, and request this Honorable Court to hold Petitioner to less stringent standards in the drafting of this Brief in Support of Petition for Writ of Habeas Corpus by a person in State Custody. If I have failed to make this part clear earlier it can be attributed to the fact that Petitioner is and was a laymen and relies solely on his abilities and no one else.

If any Ground for Relief, Issue or Fact is brought forth in this Brief that has not been done so previously it is because Petitioner was unaware of them or did not understand their implications. Petitioner relies on U.S. V. Patts, 638 F.2d 748, and asks not to be penalized because of his inexperiance respectively.

Also, it should be noted that Petitioner has been pursuing his Appeals without the benefit of his Trial Court Transcripts an issue that will be further addressed in his Ground under Denial of Due Process.

## TABLE OF CONTENTS

PRO SE STATEMENT.............................................(i)

TABLE OF AUTHORITIES.......................................(iii)

JURISDICTIONAL STATEMENT....................................(v)

I. STATEMENT OF GROUNDS PRESENTED FOR REVIEW.................(1)

II. STATEMENT OF THE CASE...................................(3)

III. STATEMENT OF FACTS RELEVENT TO THE GROUNDS AND ISSUES....(4)

IV. SUMMARY OF ARUGMENTS OF GROUNDS PRESENTED................(6)

V. ARGUMENT OF THE GROUNDS

    A. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.................(8)

    B. TRIAL COURT'S ABUSE OF DISCRETION
       FAILURE TO PROVIDE DUE PROCESS......................(13)

    C. TRIAL COURT'S ABUSE OF DISCRETION
       JUDGE'S QUALIFICATION TO HEAR CASE..................(15)

    D. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL...........(16)

    E. IMPOSITION OF CONSECUTIVE LIFE SENTENCES
       UNDER §3.03(b)(2)(a)................................(19)

    F. VIOLATION OF THE FOURTEENTH AND SIXTH AMENDMENTS
       TO THE CONSTITUTION UNDER APPRENDI V. NEW JERSEY.......(20)

    VI. CONCLUSION..........................................(21)

    VII. CERTIFICATE OF SERVICE.............................(22)

    VIII. CERTIFICATE OF COMPLINENCE........................(23)

    IX. INMATE'S DECLARATION................................(24)

TABLE OF AUTHORITIES

## Constitution

U.S. Const. Amend.VI...............................7, 10, 13, 21

U.S. Const. Amend.VII.................................7, 19, 21

U.S. Const. Amend,XIV................................7, 19, 21

## Statutes and Standards

Tex. Pen. Code Ann. §3.03(b)(2)(A) (Vernon 2003)............2, 19

Texas Rules Annotated Vol. 8 (2008)
Standards of Appellate Conduct
Lawyer's Duties to Client.........................7, 17, 18, 21

## Cases

AKE V. Oklahoma 470 U.S. 68, 83, 105 S.Ct. 1007, 1096 (1985)...10

Apprendi V. New Jersey 530 J.S. 466, 120 S.Ct. 2348 (2000)

.................................................2, 12, 20

Baxter V. Thomas 45 F,3d 1501 (11th Cir. 1995)...............10

Bell V. Miller 500 F.3d 149 (2nd Cir. 2007)..................12

Blankenship V. State 673 S.W.2d 578, 585 (Tex.Crl.App. (1984)..13

Gersten V Senkowski 299 F.Supp.2d 84 (E.D.N.Y. 2004)...........9

Gray V. Geer 800 F.2d 644 (7th Cir. 1985)...................16

Haines V. Kerner ETAL 92 S.Ct. 564.........................(i)

Metzger V. Sebek 892 S.W.2d 20, 38 (Tex.App.-Houston 1st Dist.
1994)......................................................15

Nicholas V. State S.W.3d 7690, 766 (Tex.App.-Houston [14th Dist.]
2001).....................................................19

**TABLE OF AUTHORITES CONT:**

Prudhomme V. State 47 S.W.3d 683, 691-2 (Tex.App.-Texarkana 2001)..................................................19

Rodregues V. State 906 S.W.2d 70 (Tex.App. San Antinio 1995)....9

Smith V. Lockhart 923 F.2d 1314 (8th Cir. 1991)................13

U.S. V. Moore 159 F.3d 1154 (9th Cir. 1998)....................9

U.S. V. Patts 638 F.2d 748................................(i)

Wiggins V. Smith 539 U.S. 510, 123 S.Ct. 2527 (2003).........8, 9

Wilson V. Mintzes 761 F.2d 275, 280 (1985)..................9, 12

## JURISDICTIONAL STATEMENT

A. In this Petitioner's opinion there has been a DENIAL OF CONSTITUTIONAL RIGHTS as set forth in the Sixth, Eighth and Fourteenth Amendments. There has been DENIAL OF DUE PROCESS, EFFECTIVE COUNSEL AND JUDICAL ABUSE OF DISCRETION.

B. Each Ground has been, at least attemped to be, presented to the Court of Criminal Appeals.

Ground One, Five and Six were argued on Direct Appeal and a Petition for Discretionary Review of Direct Appeal was filed with the Court of Criminal Appeals. This Petition brought Ineffective Assistance of Counsel to the forefront.

Ground Four was argued and GRANTED IN PART in 917686-B and 917687-B, Writ of Habeas Corpus 11.07. Ineffective Assistance of Appellate Counsel was recognized in his failure to inform Petitioner of his Rights to File a Petition for Discretionary Review. MANDATE was issued GRANTING an out-of-time Petition for Discretionary Review.

For the purposes of the Texas Rules of Appellate Procedure, all tile limits shall be calcated as if the Court of Appeal's Decision had been rendered on the Day of the MANDATE of the Court that issued it.

Ineffective Assistance of Trial Counsel and Court's Abuses of Discretion have been argued throughout Petitioner's Appeals.

Ineffective Assistance of Appellate Counsel's arguments were stoped after the were GRANTED IN PART. This due in part to the Court of Criminal Appeals refusal to acknowledge addidional arguments sent in on the subject. Arguments on this issue are being readdressed here since it was made apparent the Court of Criminal Appeals would carry the issue no further.

C. Filing Dates, Time Line of Appeal:

May 16, 2003;       Date of Judgement of Conciction
June 22, 2004;      Date 14th Dostrict Court of Appeals Affirmed
June 12, 2003;      Filed Writ of Habeas Corpus 11.07 (917686-A and 917687-A)
October 15, 2003;   Writ of Habeas Corpus Dismissed. Direct Appeal was pending on the date the Application was filed
January 13, 2005;   Writ of Habeas Corpus 11.07 (917686-B and 917687-B) RELIEF GRANTED, IN PART, GRANTED leave to file out-of-time Petition for Discretionary Review. For the purposes of

(v)

**JURISDICTIONAL STATEMENT CONT;**
**C. cont;**

|  |  |
|---|---|
|  | the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeal's decision had been rendered on the day the MANDATE of this Court issues. Appellant has thirty days to file a P.D.R. |
| August 22, 2005; | Appellant's Pro se Petition for Discretionary Review was filed with the 14th Court of Appeals. |
| January 25, 2006; | Court of Criminal Appeals of Texas issues Appellant's Pro se Petition for Discretionary Review is REFUSED |
| March 21, 2006; | Writ of Habeas Corpus 11.07 (917686-C and 917687-C) was filed with the 208th District Court of Harris County, Texas |
| October 22, 2008; | Writ of Habeas Corpus 11.07 (917686-C and 917687-C) was DENIED without written order on the findings of Trial Court without a Hearing |

**D.** All Grounds have been Presented in some form to the Court of Criminal Appeal. They have been either REFUSED or DENIED. Since some are a Constitutional Right that is at issue and the State of Texas refuses to acknowledge these RIGHTS Petitioner now comes before the U.S. District Court praying for relief.

# I. STATEMENT OF GROUNDS PRESENTED FOR REVIEW

## A. GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL
### TRIAL COUNSEL

Counsel failed to throughly investigate the case. Counsel gave erroneous and misleading advice on Clear Point's of Law. Counsel never consulted with me before trial about any defense. Counsel gave false statements on his sworn Affidavit clearly demonstrating his animosity toward his representation of me. Counsel failed to consult experts in the fields of Rape or Psycology to provide evidence for the defense of his client.

Counsel indicates his strategy was to try to convince the jury to give a lighter sentence based of Defendant's past. That being his own sexual abuse and that he was in need of help for his sexual issues. This indicates a clear attempt at a defense based on Mental issues, yet Counsel failed to even have Defendant examined by a Psychologist. If as he states he knew all of this before trial would have been a case of necessity both to be sure of his strategy and to present evidence to aide ine his case.

## B. GROUND TWO: TRIAL COURT'S ABUSE OF DISCRETION
### FAILURE TO PROVIDE DUE PROCESS

On April 7, 2003 a Motion to Dismiss and Replace Court Appointed Counsel was sent to the District Clerk of Harris County. No Action was taken no inquiry was made. Numerous Pro Se Motions have been filed, the results have been the same either no action taken or no response at all.

Motions filed include Two Motions to Obtain Transcripts or provide access to them, Motion for New Evidence (Nurse Taft's review and the opinion of the reviewing Physicians), and others. The results of all been the same either no action taken or no response at all.

## C. GROUND THREE: TRIAL COURT'S ABUSE OF DISCRETION
### JUDGE'S QUALIFICATION TO HEAR CASE

The Judge conducted meetings with the Complaint Witness BEFORE TRIAL BEGAN. The Issues of Recusal, bias and prejudice have been raised. If a hearing into this ever took place I was never informed. I was denied DUE PROCESS the first time I was taken before this Court for bail I was without Counsel.

The Decision not to Recuse or to pass the Recusal Motion on to the presiding Judge of the Judicial District for Review, in itself is Abuse of Discretion and Denial of DUE PROCESS

(1)

### D. GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL
### APPELLATE COUNSEL

This Ground was GRANTED in regards to Depriveal of Opportority to file a Petition for dicretionary Review. But there are other issues that have not been answered. The failure to present significant and obvious issues on Direct Appeal for one. Counsel's failure to amend Appeal when informed of this.

Counsel states that he was aware that Appellant's Motion to assist and take part in his Appeal, however he failed to even contact Appellant before submitting Appellant's Appeal Brief. Indeed Counsel did not contact Appellant until after he sent Brief to Appeals Court then he sent me a copy of the Brief.

### E. GROUND FIVE: IMPOSITION OF CONSECUTIVE LIFE SENTENCES
### UNDER 3.03(b) (2) (A)

Consecutive life sentences imposed by the Court guarntee that Petitioner will never be released from prison since parole will not be considered until he is one hundered and two years of age. Petitioner was sentenced on the basis of eception Tex., Penal Code Ann. §3.03(b)(2)(A).

### F. GROUND SIX: VIOLATION OF FOURTEENTH AND SIX AMENDMENTS
### TO THE CONSTITUTION
### UNDER APPRENDI V. NEW JERSEY

The Judge Stacked the sentences. I was never tried for one of these cases. This was the first time in my Life that I have ever been arrested for anything. I was denied DUE PROCESS and the Sixth Amendment Right to Trial by Jury in the second case that was not proven before one.

( 2 )

## II. STATEMENT OF THE CASE

This, a Petition for a Writ of Habeas Corpus by a person in State Costody. Vonfinement is the result of a judgement entered on May 16, 2003, in the 208th District Court on Harris County, the Honorable Judge Denise Collins presiding, where the Petitioner was convicted by a jury on two counts of aggravated sexual assault after a plea of not guilty. The punishment assessed by the jury on both counts was life imprisonment. The Honorable Judge Denise Collins ordered that the sentences run consecutively.

### III. STATEMENT OF FACTS RELEVENT TO THE GROUNDS AND ISSUES

Petitioner states the Facts as he knows them and without the benefit of Court Transcripts. Two motions have been filed in the passed to optain copies or provide access, no action was taken on either. Petitioner has only his notes, memory, and copies of briefs and responses recieved since his appeals began to present this brief in support of Petition for Writ of Habeas Corpus.

Petitioner, Wesley Earl Massoth was convicted on May 16, 2003 in cause No. 917686 of causing the penetration of the anus of Suzanne Massoth, a person younger than 14 years of age and not the spouse of the Appellant, on or about March 28, 1999. Petitioner was 42 years old (VI R.R. at 14). On the same date Petitioner was convicted in Cause No. 917687 of causing the pentration of the female organ of Suzanne Massoth, a person younge than 14 years of age and not the spouse of the Petitioner, on or about March 28, 1999. The causes were tried together.

Suzanne was born on March 29, 1985 (III R.R. at 7). She was the daughter of Appellant and his wife, Lori Massoth (III R.R. at 34). Suzanne Massoth testified that Petitioner penetrated her annally for the first time on Labor Day when she was five years old. She was in kindergarten (III R.R. at 40). She testified that the penetration switched fron anal to vaginal when she was around "10 or 11 or 11 or 12, around there." She went on to testify, "But I don't have an exact-it was preteen; I don't know exactly when, through" (III R.R. at 46).

Petitioner's Trial Counsel did not call any witnesses (other than accused) in either the guilt/innocence or punishment stage of the trial. I say again that Mr. John Clark, Trial Counsel for the Defense, never consulted with me or discussed my Defense with me. Clark filed no pretrial motions. On the day trial began Clark filed one motion and that being I was elegable for probation.

Trial Counsel made false statements on his sworn affidavit. The most easily proven false for one is that he states that he had his investigator pull my Military Records and that these records indicated that I was Dishonorable Discharged from the Navy. He also states these record indicated I had sexual relations with another male during my military stint.

None of this is true my DD-214 clearly shows I was HONORABLE DISCHARGED. I have copies of my Navy Records they show no misconduct. (A copy of my DD 214 is attached to this brief listed a Exhibit DD-214). Reason for Separation, Inducted on Error. Other Records show reason as Medical Disqualification.

**STATEMENT OF FACTS CONT:**

Clark states there was NO physical or DNA evidence to corrobrate the Complaint's accusations. But failed to request an Appointment of an Expert, A Doctor, to examine the supposed victim or review the evidence.

Since Trial Nurse C.M. Ellen Taft has had cases were she performed the exam peer reviewed by University of Texas Medical School Physicians asigned to the Childern's Assessment Center. In a few of these cases, the opinion of the reviewing physician(s) is different then that of Nurse Taft.

Since receiving this information, I have filed a Motion for this Review or if one has been done on my case and to have a copy of this review provided to me. As of yet no action has been taken.

Clark indicates in his Affidavit that he was going to use a defense based on Psychiatric reasons. Yet he failed to even have a Pretrial Psychiatric Exam conducted on Petitioner. Given the nature of the offense as well as the defense he was pursuing one would think this a necessity.

On April 7, 2003 a motion was sent to the District Clerk to Dismiss and Replace Court Appointed Trial Counsel. I had been in jail for eight months and John Clark had yet to vist me to discuss anything. Other then seeing John Clark when I was called to a holding tank outside of the Court I never laid eyes on him. In these cases all he would say to me when ask was that he had set my case for trial and that they were offering me a Life sentence only. Nothing else was ever discussed.

My Mother, Beatrice Massoth, paid a Counsel to come see me about the case but he was the only one who ever came to see me about the case. This same Counsel was the one I was waiting on the day after my arrest when I was taken before the Court to discuss a reduction in bail without counsel.

Since my Appeals began I have filed numerous Pro se motions in an attempt to present my case. These motions have been ignored. I have been denied DUE PROCESS on the first day I came before the 208th District Court.

Appellate Counsel, Don R. Cantrell has already proven to be ineffective in part. His further ineffectiveness is evident in his failure to present other significant and obvious issues on my Direct Appeal. These issues would have been obvious reasons to GRANT my Appeal long ago it I had ever had a Counsel who was truly pursuing my Appeals and my cause.

(5)

## IV. SUMMERY OF ARGUMENTS
## OF THE GROUNDS PRESENTED

Appellant's Trial Counsel, John Clark, failed to investigate Appellat's mental condition, history, or other mitigating factors. Counsel failed to throughly investigate the case. Counsel filed no pretrial motions. Counsel failed to have Appellant psychologically examined by an expert. This after he states in his affidavit he had been informed of Appellant being abused by his father. An exam would have been necessary in presenting corroborated evidence to the jury.

on April 7, 2003, almost two months before trial, a Motion to remove and Repace Court Appounted Counsel was sent to the Court. It was ignored.

Counsel gave false statements in his sworn affidavit. One of them being that Appellant was Dishonorably Discharged from the U.S. Navy. This is one that is the most easily proven to be false. My DD-214 clearly shows I was Honorably Discharged.

Counsel, by his false statements, has demonstrated denial of effective assistance of counsel as well as animosity and malice toward his representation of client. The Court relied heavily on Counsel's Affidavit for it's decisions.

Counsel failed to properly object in Trial Court to issues that had a direct effect on Appellant's Direct Appeal. These objections were to Constitutional Rights violations that would effect the amount of time Appellant recieved. This is a clear break, not to mention a lack of understanding of the Law, from Counsel's proposed strategy of seeking a lesser sentence for his client.

The Trial Court's Abuse of Discretion is clear in it's countinued actions concerning motions filed. The main two being the one filed on April 7, 2003 as well as the ones concerning the providing or the providing of access to Court Transcripts for the purposes of preparing Appellant's Appeals.

The fact that Trial Counsel failed to object to most of the sbuses of discretions represents his Ineffectiveness. However it has been clear to this person that this Judge has continually demonstrated bias, prejudices as well as failure to provide Due Process since the day he was first brought before the Court to discuss bail without the aid of counsel against his wishes.

Appellate Counsel was Ineffective. This has already been proven in past Habeas Corpus proceedings concerning rights to a Petition for Discretionary Review. In this first proceeding

(6)

SUMMERY OF ARGUMENTS CONT:

the Court of Appeals did not go far enough.

    Counsel failed to intruduce issues that should have been raised on Direct Appeal. Counsel failed to contact Appellant and discuss the issues or anything else before filing Direct Appeal. Appellant did not even know he had an Appeal Counsel or his name until he recieved a copy of the Direct Appeal and Don R. Cantrell let his participation in this cause be known,

    Appellate Counsel failed to follow the <u>Standards for Appellate Conduct</u> in his <u>Lawyer's Duties to Client</u>. My <u>Sixth</u>, <u>Eighth</u> and <u>Fourteenth Amendment Rights</u> have been denied and violated.

## V. ARGUEMENT OF THE GROUNDS

### A. GROUND NUMBER ONE

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Trial Counsel, Mr. John Clark, failed to thoroughly investigate the case. Counsel never filed any pretrial motions. Motion for Discovery for one being the most important in an investigation. However he states that he reviewed Prosecution's files. That may well be as far as Mr. Clark actually got in pursuing this cause. Counsel also states he discussed these files with Pititioner. I say again he did not. If jail vistation records are still available the will clearly show he never once visisted me in jail to discuss anything. There was no Consulation between Client and Counsel. (539 U.S. 510, 123 S.Ct. 2527. [2003]).

A motion was sent to the District Clerk to Dismiss and Replace Court Appointed Counsel on April 7, 2003. This was more then a month before trial began this was a clear indicator that there was a problem between Counsel and myself. Is it not the duty of the Clerk of the Court to bring this to the attention of the Court when I was unable to communicate to do so in any other way. To further clarify this, Counsel states he spoke to my Mother and siblings. This according to my Mother, Beatrice Massoth is not the truth.

According to what I have been told by family no one other then those associated with the Prosecution ever spoke to any of them. Indeed it was my Mother's complaining about not being able to contact Counsel that motivated the sending of a motion to have him removed. My Mother even went so far in the first couple of months of my Jail confinement to hire a lawyer to come and discuss my case.

The statement conserning Counsel speaking with my family is the first of many. The second is, and one I cannot understand why except for the intentions of malice are the ones concerning my military stint.

Counsel states I was Dishonorably Discharged from the Navy and these Records indicated I had sexual relations with another male. This is nothing but a pure lie. My DD-214 clearly shows I was HONORABLY DISCHARGED and as to the rest of it my Military Records indicate no misconduct. I have a complete copy of my records. If one chose to review my records they well find my discharge was due to Induction in Error. If you read everything it shows it was based on a Physical Disqualification and that I tried for almost 6 months to work around the problem so I could remain in the Navy

(8)

A. GROUND NUMBER ONE CONT:

I had enlisted under the Subfarer Program which the Navy was obligated to provide two years of minimum Sub Duty. The Navy and I could not fulfill this obligation. There is no record of misconduct, Military or Civilian offenses. I was given a choice to transfer from the Subfarer program to the Surface Navy, (the Coral Sea), or a Honorable Discharge. Since I wanted a Tech School and the only way to get one without serving another three years, I was advised by the Judge Advocate to take discharge and reinlist. I was recommended a Administrative Discharge under Honarable conditions so I could do this.

I did try to reinlist but could not get the school I wanted because of the amount of people that wanted the school so I moved on.

Counsel's false statements in the matter of my Navy record clearly shows gross professional misconduct that could be construed as, Constrictive Denial of Effective Assistance of Counsel. He clearly demonstrates his animosity toward his representation of Client. Wiggins V. Smith 539 U.S. 510, 123 S.Ct. 2527 (2003) applies here as well as Wilson V. Mintzes 761 F.2d 275, 280 (1985) and U.S. V. Moore 159 F.3d 1154 (9th Cir. 1998). Attorney's animosity towards client applies here.

John Clark states there was NO physical or DNA Evidence to corroborate the Complaint's accusations, yet he failed to request an Appointment of a Expert, a Doctor to examen the supposed victim or the conclusions made by the State's expert. NO physical evidence should have been a Red Flag since Complainant states the supposed abuse stated at age five. At this age a grown man at the very least should have caused ripping requiring stitches. Rodreguez V. State 906 S.W.2d, 70 (Tex. App. San Antonio 1995) failure to appoint expert to inspect physical evidence.

The failure of Counsel to consult expert in child abuse, either in the physical evidence or the physcological aspects of the crime are a necessity. This is covered under Gresten V. Senkowski 299 F.Supp.2d 84 (E.D.N.Y. 2004). Also one should see that even if Counsel was not trying to mount a defense in the guilt/innocent stage of trial but as Counsel states he choose to pursue a lesser sentence based on psychological back ground and abuse done to the Defendent. Counsel should at the very least had Defendant undergo a psychical exam to aid in his case.

In addition to this concerning Nurse C.M. Ellen Taft, Medical Evidence for both the Defense and the Prosecution relied on Nurse Taft's exam and not that of a Doctor in this. Since trial there has been a Peer Review by University of Texas Medical School Physicians assigned to the Childeren's Assessment Center of Nurse Taft. In a few of these Cases, the opinion of the

(9)

**A. GROUND NUMBER ONE CONT:**

reviewing physician(s) is different than that of Nurse Taft.
This notice was recieved by Certified Mail from the District
Attorney. The letter was dated June 11, 2004.

Anyway you look at this John Clark was pursuing a very
lame defense based on Psyhiatric reasons yet failed to have
appointed an Expert and have a Psyhiatric examination done on
Petitioner. If as he says he knew that I was going to take the
stand and make the statements I did ahead of time a Psyhiatric
Exam could have only provided Benificial Assistance and
information to his case.

Failure to Appoint Expert violates the U.S.C.A. Amendments
6 and 14. AKE V. Oklahoma 470 U.S. 68, 83, 105 S.Ct. 1007, 1096
(1985). Baxteer V. Thomas 45 F.3d 1501 (11th Cir. 1995), would
apply as well in referense to a history of Mental illness.

There are numerous other issues and statements made by
John Clark that I believe would Require a Hearing and the calling
OF WITNESSES. However there is one other Issue that I would like
to make clear. John Clark states he tried to speak with my wife
Lori Massoth before Trial. If Counsel had ever discussed this
with me I would have let him know of Lori's mental state and
the fact her Parents as well as myself in the past had tried to
cover her and her mental problems.

It is important to note that after my trial her Parents
tried to have Lori declared Mentally incompetent. This was denied.

One should also note that Lori's History of abusing,
(physical abuse) Suzanne. This should be in the files of Childerns
Protictive Services. The result of this abuse left her severely
scalded after birth. There is a scare from it that cover the
entire side of her torso. Lori and Suzanne were alone at her
Parents house. I was away working yet I was blamed for it. I and
Lori had to under go a year of dealing with the C.P.S. as well
as seeing a Psychologist. I covered for her then as I mistakenly
tried to in this.

I did not know everything that was going on at home. I was
working more often then not 6 to 7 days a week 10 to 14 hours a
day. If John Clark had ever talked to me or pulled my work records
he would have found this out. I worked nights and weekends. I
worked so much I sometimes had trouble walking after I got home.
When I did come home I often waled into the middle of a cat
fight between my wife and daughter.

I still to this day do not know all that was going on at
the house. I know I lost touch with Suzanne and Lori was taking
a lot of prescription drugs.

(10)

A. GROUND NUMBER ONE CONT:

    This and a few other things John Clark could have learned
about if he had ever spoken to me. But his goal had never been
to provide me with a defence. From the beginning Counsel had
made his mind up about my case and made the choice not to truely
defend me. I knew nothing about the Law then, still don't really
but I know I was never given any kind of real defense or counsel.

    I know that Lori's family, her Father, Truman Powers,
mainly, used a lot of influence and pressure to try and effect
the outcome of this case. He put a great deal of pressue on Lori
to go along with Suzanne's version of events. He told her that
if she did not that he would leave her in jail and cut her off.
I find it odd that the Prosecuting Attorney, in her closing
statements, made note of the fact Truman Powers had been in Court
every day since the beginning of trial and was paying close
attention to the proceedings. It is even my understanding he
paid for the psychologist that testified for the State. I do
not know this last part for a fact.

    As to a few other of John Clark's statements the one
concerning that he sufficiently consulted with Petitioner in
order to conduct a factual investigation, to plan trial strategy
and prepare for trial, I would now like to adress. If jail
records of vistation are still available, they would show that
Counsel never met with me except through the glass of a group
holding tank with an average of 15 to 20 other defendants present
on the holding tank. You tell me how two people can discuss a
case, considering the nature of the case, in the presence of this
many people. Counsel did not even call Defendant to the holding
tank for over 6 months. It was not until one week before jury
selection that I saw Counsel again. The last time being before
Christmas.

    If Counsel knew I was going to plead guilty are ever
intended to admit guilt, he would have also known that I would
never have even allowed him to take this to trial. I would not
have put my family through the shame of a trial. It is beyond
believable that I ever consulted with John Clark about anything
before trial. I would never have taken the stand if it had not
been for Mr. Clark's misleading advice and misleading information.

    If his intended strategy, as Counsel states, was to seek
a lesser sentance based on Psychological reasons and that he
knew ahead of time I was going to take the stand and admit
guilt. Number one if this were true one would think that he
would have at the very least had Defendant under go a
Psychological exam. Indeed I would have been intitled to one.
If what he says is true he would have had months to have me
examened. This is covered in Bell V. Miller 500 F.3d 149 (2nd Cir.
2007).

(11)

**A. GROUND NUMBER ONE CONT:**

One last note in the State's Appelate Brief to the Fourteenth Distric of Texas, Reply to Appellant's Third Point of Error (page 14, par. 2, Note A.) "The Appellant failed to preserve these issues for review by making a timely objection to trial court." Since this is a <u>Constitutional Rights Issue</u> based on <u>APPRENDI V. NEW JERSEY</u>, that should have been objected to by Trial Counsel, but was not, this clearly indicates Ineffective Assistance of Counsel.

On page 15, Par.1, states that Appellant Counsel failed to object based on <u>Apprendi V. New Jersey 530 U.S. 466 (2000)</u> and alert the trial court that there was a Constitutional basis for objection. Therefore, the Appellant has failed to preserve this issue for review. This acknowledgement by the Proscution that the Trial Counsel was ineffective in this.

John Clark in his sworn affidavit has consistently given false statements. He has failed his client in every aspect of providing legal defence as well as legal counsel. He has demonstrated acts that are inconsistent with his duty of loyalty to his client. This is covered in <u>Wilson V. Mentzes 761 F.2d 275, 280 (1985)</u>.

I attempted to bring John Clark's false statements to the attention on the Court in my Response to Affidavit of John Clark. But, I was not even given ten days to do so. On the day I mailed my Pesponse I received word that the Court had made it's decision to except the affidavit as fact. I do not know even if the Court of Criminal Appeals ever received the Response.

The Court relied heavily on John Clark's Affidavit for it's decision and conducted no hearing on these issues. I was DENIED EFFECTIVE ASSISTANCE OF COUNSEL as well as DUE PROCESS.

(12)

## B. GROUND NUMBER TWO

### TRIAL COURT'S ABUSE OF DISCRETION
### FAILURE TO PROVIDE DUE PROCESS

On April 7, 2003 a Motion to Dismiss and Replace Court Appointed Counsel was sent to the District Clerk of Harris County. Trial Court never conducted an inquiry or questioned Petitioner of the reasons for dissatisfaction with Counsel. I was never expained my Right's concerning self-representation or given the option to do so. The Right to Counsel, Self-represention and Due Process were Denied. This is all covered in the Sixth Amendment.

This motion as well as others, most since trial have been ignored. My Motion to have Trial Counsel Dismissed was sent well before the Jury was even impaneled so therefore timely. (Blankenship V. State 673 S.W.2d 578, 585 (Tex.Cr.App. 1984).

I could give Case Law for pages here concerning this issue but it is my understanding that it has been proceedurally barred. That it should have been brought upon Direct Appeal. However since my Appeal Attorney failed to do so I well be addressing this further in Ground Four. Appellate Counsel's Ineffectiveness in his failure to present significant and obvious ossues on Direct Appeal.

There are several other issues I would like to address here concerning the Trial Court Abuse of Discretion and that being on the first day after my arrest I was taken before this Court to discuss bail, I was without Counsel.

I had informed the Bailiff I was waiting on my Counsel and when he arrived we were going to see about a bond reduction. The Bailiff returned shortly and said the Judge wanted to see me in Court. I told him as far as I knew my Attorney had not arrived yet. He said it did not matter.

Ehen the Judge said I understand you are looking for a Reduction in Bond. I said yes. As I remember the Judge said we'll see about that. She then summoned the Assistant District Attorney over to the Bench. After the A.D.A finished the bail was increased. I never saw the Lawyer I had contacted the day before.

Is this not Denial of Counsel and Abuse of Discretion. I had no lawyer at this hearing to represent me. Smith V. Lockhart 923 F.2d 1314 (8th Cir. 1991) should cover this.

I have failed numerous Pro se Motions in attempts to present my Appeals and cause. They have been ignored. Claims of Ineffective Assistance of Counsel and the Request for Recusal

(13)

**B. GROUND NUMBER TWO CONT:**

of Trial Judge should have had a hearing into them. If there was ever a hearing into these two issues I was never informed of one nore did I take part in one.

John Clark's Affidavit should have been investigated and questioned. It was accepted and ruled upon within a week's time. It was accepted and relied upon heavily for the Court's Decisions of my Appeal . This Court has continually failed to Provide DUE PROCESS.

## C. GROUND NUMBER THREE

### TRIAL COURT'S ABUSE OF DISCRETION
### JUDGE'S QUALIFICATION TO HEAR CASE

I have stated before in my previous appeals that I was informed by the Complaint Witness that the Hon. Judge Denise Collins conducted meetings with her before trial began. I have also stated, since it was brought forth by a State's Original Answer filed February 11, 2005, (page 4 Par. 1, under Reply to Applicant's Third Ground), that I in no way claimed the Hon. Judge Denise Collins was bribed. I am still trying to figure out were this came from. Because no were in any arguement did I make such a statement. But it does make me wonder what the District Attorney's Office knows that I do not.

I have only questioned the Judge's bias, prejudices and impartiality toward myself and my case. From the first day, as I have stated in my last Ground and again in this one, I was taken before the Judge without Counsel to discuss the issue of bail. I knew I was being railroaded. The Judge made it clear she believed me guilty. This I base on the attitude and the way she called the Assistant District Attorney to the Bench and stated "we'll see about that."

A judge should be fair and impartial and should act neither as an advocate for any party nor as a adversary to any party. Metzger V. Sebek 892 S.W.2d, 20, 38 (Tex. App.-Houston 1st Dist. 1994) covers this.

Again there was no hearing, by a detached Judge, ever held to my knowledge into this. The issue as Respondent has stated in previous Responses of Abuse of Discretion should have been brought forth on Direct Appeal. But how could this be when Appellate Counsel has Demonstrated Ineffectiveness in this and other issues by his failure to present them. This will be further addressed in my next Ground.

Let it be known however that if the Hon. Denise Collins did not conduct these meetings that I, Wesley Earl Massoth, Apologize Sincerely. Since all I have to go on in this is my Daughter's word and she, as I have tried to make clear, does not always tell the truth. If indeed this is another falsehood it only goes to show how good she can be at telling storys when she is trying to make one believe what she is saying.

## D.  GROUND NUMBER FOUR

### INEFFECTIVE ASSISTANCE OF COUNSEL
### APPELLATE COUNSEL

This Ground was GRANTED in part in regard to Depriveal of Opportunity to File a Petition for Discretionary Review. This was done so in my Habeas Corpus ll.07 (917686-B and 917687-B). I was GRANTED the opportunity to file a <u>Pro se</u> Petition for Discretionary Review (PDR).

But there were other issues in this that were ignored. I stated Counsel failed to inform me of my options concerning <u>Newly Discovered Evidence</u>. The review concerning Nurse Taft for one. I stated plainly that Counsel failed to inform me of anything other then my Direct Appeal had been Affirmed. This was all presented in my Application for Writ of Habeas Corpus ll.07 (917686-B and 917687-B) as well as Briefs I filed in support of this Application. I had stated in these as well that New Evidence had come forth since Trial as well.

In Respondent's Proposed Order Disignating Issues and Order for Filing Affidavit dated February ll, 2005, Don R. Cantrell was ordered to summarize the actions taken to represent Applicant in this cause and to respond to allegations of Ineffective Assistance of Counsel. To specifically respond to the <u>Pro se</u> Issue as well.

In Cantrell's Affidavit, dated March 3, 2005, he only addressed the issue of his failure to notify Applicant of his <u>Right</u> to file a PDR. Mr. Cantrell adressed no other issue of his Ineffective Assistance of Counsel.

I, in Applicant's Reply to Respondent's Original Answer, dated March 16, 2005, brought to the Court, before it's Proposed Finding of Fact and Order, dated April 26, 2005 the following: that Appellate Counsel failed to follow other Rules of Appellate Procedure in his handling of Applicant's Direct Appeal. (se page 6, par. 2 and 3, note (l) of this Reply brief stated)

Appellare Counsel failed to introduce issues that should have been raised and ligated on Direct Appeal. Specifically the issue of the Motion to Dismiss Appointed Trial Counsel.

In <u>Gray V. Geer 800 F.2d 644 (7th Cir. 1985)</u>, it is made CLEAR Appeal Court must examine Trial Court Record to determine whether Appeal Counsel failed to present significant and obvious issues on Appeal. The Issue of the Motion to Dismiss, that clearly represents a problem between Counsel and Applicant, should have been presented on Direct Appeal. The Court failed here to as well as Appellate Counsel.

(16)

**D. GROUND NUMBER FOUR CONT:**

Other issues have been procedurally barred because they should have been raised on Direct Appeal ar as a <u>Direct Result of Appellate Counsel's Failure to contact me and discuss the Issues before filing my Direct Appeal</u>. As stated in Applicant's Response to Affidavit by Don R. Cantrell, the first time Mr. Cantrell contacted me was after he had filed my Direct Appeal. This was well covered on Page 3 of Response as well as copies of letters sent to him trying to inform him of his failures. I as I understand it could not file an <u>Admendment to his Brief</u> since he was the Counsel of record, yet he had every opportunity to so after I had informed of his failures.

Appellate Counsel states he had knowledge of my Hybrid Motion for Counsel. The least he could have done was to contact me that I did not have the option to do this and input was not going to change his mind about how he was going to proceed. Counsel could have at least corresponded and asked what I felt were some of the issues or told me what he believed them to be. This should have been done out of common curtesy if nothing else. He should have at the very least sent me a copy of my Direct Appeal before filing it so I could give my consent to do so.

I recieved no correspondence until December 3, 2003 and this stating my Direct Appeal had been filed on November 26, 2003.

In the <u>Rules of Professional Conduct</u>, concerning Attorneys the words consent, consulation and informed in regards to Client or repeated. The Client's consent after consulation stand out as well. There was no consulation or correspondence between us before my Direct Appeal was filed. There was <u>No informed Consent</u> by Appellant

Appellate Counsel failed to present significant and obvious issues of Direct Appeal. Since Appellant Counsel later stated, after I wrote to him concerning the Issues of Nurse Taft's Review, that his strategy centered around the Ineffective Assistance of Trial Counsel Issue. One would think that bringing to light the Motion to Remove Trial Counsel would have been a key point. Since this demonstrated problems between Counsel and client well before trial began. Not to mention a failure in <u>DUE PROCESS</u> in that the Court failed to conduct a hearing in to Motion to Dismiss and Replace Trial Counsel.

Appellant Counsel, Don R. Cantrell failed in several standards set forth in the <u>TEXAS RULES ANNOTED VOL. 8 (2008)</u>, <u>STANDARDS FOR APPELLATE CONDUCT, Lawyer's Duties to Client</u>.

(17)

**D. GROUND NUMBER FOUR CONT:**

Counsel failed in the following standards;

Standard 1: Counsel will advise clients of the content of these standards of conduct when undertaking representation.

Standard 5: Counsel will explain the Appellate Process to their clients.

Standard 8: Counsel will keep clients informed and involved in decisions and will promptly respond to inquires.

Appellant Counsel failed to follow the standards set forth ny the State. Counsel failed to correspond with client and keep him informed. Counsel's failure to keep client informed has already been proven in previous Habeas Corpus proceedings concerning the Rights to file a Petition for Discretionary Review. Counsel was ineffective from the start to the finish in his providing counsel during Direct Appeal.

## E. GROUND NUMBER FIVE

### IMPOSITION OF CONSECUTIVE LIFE SENTENCES
### UNDER §3.03 (b) (2) (A)

Consecutive life sentences imposed by the Court guarantee that Petitioner will never be released from prison since parole under the present guidelines for parole, will not be considered until I reach one hundered and two years of age. I was sentenced on the bases of exception Tex. Penal Code Ann. §3.03(b)(2)(A).

First I would like it to be known I do not know for sure it I can even present this in the U.S. District Court. I do so only because I understand that this is the only bite at the apple I well have and this may be addressable later. I do not want to lose the opportunity to present this later. However a Petition for Discretionary Review of Direct Appeal was sent to the Court of Criminal Appeals and this issue was on my Direct Appeal.

So to continue in State's Appellate Brief to the Fourteenth District of Texas, (pages 12 and 13) the Appellate uses cases <u>Nicholas V. State 56 S.W.3d 760, 766 n.9 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd) (citing, Prudhomme V. State, 47 S.W.3d 683, 691-92 (Tex. App.--Texarkana 2001, pet. ref'd)</u> as justification for the Consecutive Life Sentences.

I have reviewed both these cases. In both they represent mutiple abuses on a multitude of victims as well as a history of prior convictions in same type of offence. In <u>Nicholas V. State</u>, he acknowledged abusing over 70 boys and had prior molestation related convictions which involved 5 different Childern. One should also note that <u>Nicholas</u> at least had a Psychological exam done on him.

Other then the Arguments presented in Direct Appeal Brief there is little I can add other then that this was the first time I had ever been in trouble with the Law for anything that warranted arrest. I had all ready felt the Court was going to take some kind of action like this because of the Judge's attitude toward my case. She had never demonstrated the least little bit of detachment toward this case.

The imposition of Consecutive life sentences are to say the least <u>Cruel and Unusual Punishment</u> wich falls under the <u>Eight Amendment</u>. This all falls under <u>Abuse of Discretion</u> also which has been argued throughout my Appeals.

## F. GROUND NUMBER SIX

### VIOLATION OF THE FOURTEENTH AND SIXTH AMENDMENTS
### TO THE CONSTITUTION UNDER APPRENDI V. NEW JERSEY

The Judge atacked the sentences not a Jury. Much of the arguement given under Ground Five applies here. Also make note of the fact that again, as in Ground Five, I bring this issue because of the fact that I get one bite at the apple. A Petition for Discretionary Review of Direct Appeal was sent to the Court of Criminal Appeals and this issue was on Direct Appeal.

I should also be known that this issue was addressed briefly under Ground one. Trial Counsel's failure to object and let it be known to the Court that this issue would constitute xruel and unusual punishment. This in itself is Ineffective Assistance of Counsel. In this Counsel's failure to raise objection and present the issue, (providing all information applicable to the issue), waived Defendent's ability to challange this on Appeal.

I did not plead guilty to these crimes. My Counsel ineffect, by his opening statements plead me guilty against my wishes. He has stated that he was seeking to gain me a lesser sentence which was a part of his strategy. One would be lead to believe that if it was indeed the case he would have been prepared to present every ounce of information available to keep the sentence as low as possible.

This stacking order was done by the Judge not Jury which in this case violates Apprendi V. New Jersey, 530 U.S. 466 (2000). The District Attorney acknowledges in his State's Appellate Brief to the Fourteenth District (page 4, par. 1), that the stacking of sentences in this case is a error. But due to Ineffective Assistance of Trial Counsel, in his failure to object to this issue and to comport argument with objection at trial waive Petitioner's Rights to present this issue on Appeal.

However, in Apprendi, the Supreme Court stated that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury and proved beyond a resonable doupt."

I say again "I have no prior arrests or convictions." Yet, my sentences were ordered to be served consecatively. This is Cruel and Unusal Punishment for a first time offender of any crime.

## VI. CONCLUSION

From the befinning, there has been only the least minimum effort put forth by Trial Counsel and Appellant Counsel to provide effective representation. Given the nature of the crime and the penalties for such crime, Trial Counsel's failure to investigate matters that would provide mitigating evidence was not a matter of reasoned trial strategy.

This was presented in my Direct Appeal Brief. Since then we now have John Clark's affidavit and now know his strategy this failure is even more clear. It is clear that the Jury heard no expert witness or any other evidence that might have provided insight into Petitioner's own history of child abuse at the hands of his father. This failure represents Ineffective Assistance of Counsel.

Counsel clearly made false statements on his affidavit that can be proven by Federal Military Records. This clearly demonstrates animosity towards his representation of client.

Trial Court's Abuse of Discretion and Denial of Due Process I leave up to it's Peers to decide. Without an investigation I can present no other evidence to corroborate my statements.

Appellant Attorney has already been found to be Ineffective in part, but Appeals Court did not go far enough. Counsel failed to present significant and obvious issues on Direct Appeal. Counsel failed to follow the <u>Standards for Appellate Conduct</u>. Counsel failed to provide effective assistance throughout the Direct Appeal Process.

Finally, the Petitioner asks this Court to review the Punishment Phase of Trial and find the Petitioner's Rights, under the <u>Sixth</u>, <u>Eighth</u> and <u>Fourteenth Amendments</u> to the <u>United States Constitution</u> have been violated. This is especially true when the Trial Court and not a Jury imposed consecutive sentences in this case.

I pray this Honorable Court Grant me a NEW TRIAL and if possible a NEW TRIAL JUDGE, so that all the facts of this case may become known. I pray that this Honorable Court recognize that even if I cannot be Granted a New Trial that the severity of the sentences for a first time offender be seen and Relief be Granted. I pray for RELIEF for one who is not guilty of the crimes he has been sentenced to prison for.

## CERTIFICATE OF SERVICE

The Petitioner, Wesley Earl Massoth, in compliance with COURT ORDER, has sent a true and correct copy of his Petitioner's Brief in Support of Petition for Writ of Habeas Corpus by a Person in State Custody to Respondent, Nathaniel Quarterman, and Respondent's Counsel, Attorney General of the State of Texas, Greg Abbott, Attention: S. Michael Bozarth, Supervisor, Post-Conviction Litigation Division, (Mail Code o66), P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

ON THIS DATE: March 19, 2009

_Wesley Earl Massoth_
WESLEY EARL MASSOTH
T.D.C.J. #1176823
Petitioner, Pro se

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of compliance with Type-Volume Limitation, Typeface Requirements and type Style Requirements.

1. This brief complies with the type volome limitation of Fed.R.App.P.32(a)(7)(B) because this brief uses a monospaced typtface and contains less then 1300 lines of text, excluding the parts of the brief exempted by Fed.R.App. P. 32(a)(7)(B) (iii).

2. This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5) and the typt style requirements of Fed.R.App.P.32(a)(6) because this brief has been prepared in a monospaced typrface using Plain style with $10\frac{1}{2}$ per inch numbers and characters.

March 19, 2009
Date

_Wesley Earl Massoth_
Wesley Earl Massoth
Petitioner, Pro se

(23)

## INMATE'S DECLARATION

I, Wesley Earl Massoth, TDCJ #1176823, being presently incarcerated in the James V. Allred Unit declares under penalty of perjury that to my knowledge that this Brief and the information and allegations provided in it are true and correct.

Signed on <u>March 19, 2009</u>           .

Wesley Earl Massoth
Petitioner, Pro se
TDCJ #1176823
James V. Allred Unit
2101 FM 369 N.
Iowa Park, TX 76367

THIS IS AN IMPORTANT RECORD
SAFEGUARD IT

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

| DD FORM 214 | CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY |
|---|---|
| JUL 79 | |

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE.   0002

| 1. NAME | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| MASSOTH, WESLEY EARL | NAVY - USNR | 464 78 9444 |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
|---|---|---|---|
| | E2 | 13MAY61 | HUNTINGTON, TX |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8. STATION WHERE SEPARATED |
|---|---|
| USS BONEFISH (SS 582) | PSD, NAVSTA, SAN DIEGO, CA 92136 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
|---|---|
| N/A | AMOUNT $ 20,000   ☐ NONE |

11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years)

DG 9710 ELEC EQUIP REPAIRMAN

| 12. RECORD OF SERVICE | YEAR(s) | MON(s) | DAY(s) |
|---|---|---|---|
| a. Date Entered AD This Period | 80 | FEB | 04 |
| b. Separation Date This Period | 80 | NOV | 19 |
| c. Net Active Service This Period | 00 | 09 | 16 |
| d. Total Prior Active Service | 00 | 00 | 00 |
| e. Total Prior Inactive Service | 00 | 00 | 03 |
| f. Foreign Service | 00 | 00 | 00 |
| g. Sea Service | 00 | 02 | 08 |
| h. Effective Date of Pay Grade | 80 | AUG | 04 |
| i. Reserve Oblig Term Date | NA | NA | NA |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)

NONE

14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed)

ENL BASIC SUB, 7 WKS MAY 80

| 15. MEMBER CONTRIBUTED TO POST VIETNAM ERA VETERANS EDUCATIONAL ASSISTANCE PROGRAM | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT | 17. DAYS ACCRUED LEAVE PAID |
|---|---|---|
| ☐ YES  ☒ NO | ☒ YES  ☐ NO | 16.5 |

18. REMARKS

| 19. MAILING ADDRESS AFTER SEPARATION | 20. MEMBER REQUESTS COPY 6 BE |
|---|---|
| RT 1 BOX 15 HUNTINGTON (ANGELINA) TX 75949 | SENT TO   TX   DIR. OF VET AFFAIRS   ☒ YES  ☐ NO |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN |
|---|---|
| Wesley Earl Massoth | M.G. HATCHER, LTJG, USN SEPS OFFICER |

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Includes upgrades) |
|---|---|
| DISCHARGED | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENLISTMENT CODE |
|---|---|---|
| CNP 091922Z NOV 80 & BUPERSMAN 3850220.1E | KFC | RE-3F |

28. NARRATIVE REASON FOR SEPARATION

ENLISTED, REENLISTED, EXTENDED OR INDUCTED IN ERROR

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUEST, COPY 4 |
|---|---|
| TL: NONE | WCM   INITIALS |

S/N 0102-LF-000-2140

Date: March 19, 2009

CLERK
United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208-1010


RE: Case Number: 4:09-cv-00186


Dear Clerk:

    This is a Petitioner's Brief in support of Writ Habeas
Corpus by a Person in State Costody, NOS: 530. You well find
at page 22 of Brief a Certificate of service.

    Thank You for your assistance in this matter.


            Sincerely,


            _Wesley Earl Massoth_
            Petitioner, Pro Se

            Wesley Earl Massoth
            #1176823
            James V. Allred Unit
            2101 FM 369 North
            Iowa Park, Texas 76367

Wesley Earl Massott
TDCJ #1176823
James V Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 2 3 2009

MICHAEL N. MILBY, CLERK OF COURT

United States District Clerk's Office
P.O. Box 61010
Houston, Texas 77208-1010

Case Number 4:09-cv-00186
Legal Mail