United States Courts
Southern District of Texas
FILED

SEP 2 8 2009

Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY EARL MASSOTH TDCJ# 1176823 Petitioner, | § § § § | |
| v. | § § | CICIL CASE NO. H-09-0186 consolidated with H-09-o335 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § | |

### AMENDMENT TO PETITIONER'S BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

I, the Petitioner, Wesley Earl Massoth, now present to the Court this Amendment to Petitioner's Brief to address Respondent Qyarterman's Motion for Summary Judgement with Brief in Support.

Petitioner states again he is a Layman at Law and has no gormal education in Law.

I.  Petitioner first wishes to address Respondent's response to Petitioner's Grounds 1(B) and 1(E). Respondent needs to further review the record. Petitioner did send a resonse to John Clark's Affidavit, dated August 10, 2008, to the 208th District Court. Petitioner also sent a Motion for Rehearing to the Court of Criminal Appeals, dated October 29, 2008.

In both of these Motions, Primarly the Response to Affidavit, I attempted to bring to the Court's Attention, John Clark's FALSE STATEMENTS on his Affidavit and his failure to consult with his Client. I also filed copies of my Military

(1)

Records with the Court at this time.

I might also bring to the Court's attention again that John Clark had eighteen (18) months from the time of the Court Order that he file a affidavit to review Court Records and file his affidavit. There is absolutely no justification or reason that can be given for John Clark not to have been 100% sure of his answers to my claims.

I would like to also bring to this Court's attention that it took the 208th District Court less then ten (10) days to decide to accept John Clark's affidavit, make it's Finding of Facts and Conclusions, and send it to the Court of Criminal Appeals. All of this and never even giving the Petitioner a chance to file any kind of a rebuttal.

I attempted to file a Response to John Clark's Affidavit. The same day I sent the Response that afternoon I received my copy of the Court's Finding of Facts. I tried to bring this to the Court of Criminal Appeals in a Motion for Rehearing, but that was ignored.

John Clark's false statements and the 208th District Court's actions in this clearly show Ineffective Assistance of Counsel and Abuse of Discretion.

Never the less these two issues were presented to the Court of Criminal Appeals, but the chose to ignore them both.

II. Section II Grounds for Relief 2(A).

It states in the Law books that the Direct Appeal Process is not the format for bringing Ineffective Assistance of Counsel.

(2)

Since I was forced to proceed with my PDR with out the benefit of Court transcripts I was limited by how far into the records I could go. One should note that I had filed two Motions for Court Transcrips, both were ignored.

However the Respondent states I failed to demostrate a showing of cause for the default as actual prejudice that is attributable to the default, or that am actually innnocent of Aggravated Sexual Assault of a Child.

How can the fact that I was forced to go to trial with an attorney who I was having no contact with or much less a working relation with not be prejudice to the outcome of the trial?

How can one prove his INNOCENTS when his Attorney choose to plead him guilty by his opening statements instead of presenting evidence to the contrary?

However, John Clark states in his affidavit clearly (Note 3, par. 1, page 3), He knew that there was no physical or DNA evidence which indicated that the complainant was sexually abused. He further states, He believed that Nurse Taft, (the Primary Medical Expert in this case) embellished her possible testimony.

These two statements demostrate John Clark's ineffectiveness in his failure to consult with another Medical Expert and bring testimony from same. This knowledge should have been a red flag for Mr. Clark to have look into things further.

John Clark went on in his affidavit on page 3 to state that he learned from some source that the complainent had some prior criminal record outside of Harris County.

(3)

If Mr. Clark had even taken the time to consult with me he would have learned in great detail about the complainant's activities. One should note that since trial the Complainant has had at least two convictions as an adult concerning drugs. One of these resulting in State Jail time.

Drugs were but the tip of the iceberg of her indiscretions. The most important being the reasons for starting all of this.

In Respondent Quarterman's Motion with Brief on page 7, first paragraph, it states Detective Fitzgerald had been told that Jane was upset because she had been threatened with having her pickup taken away. That was only a small part of it. I did not learn all the rest until a few months before trial.

The Complainant had been told by her Grandfather, Truman Powers, before she had been given the pickup truck that so long as she maintained her grades and was not <u>PREGNANT</u> that he would help her with vehicles and college. He had paid off the remaining half owed on the truck I had bought two years before new. We then gave it to Jane for Her use.

Before trial while I was in County Jail, I called a relative's house, to talk about a letter I had received from Jane while I was in County Jail. Jane was there and said she wanted to talk to me. She told me much.

What Jane told me was that she had gotten pregnant the year before this all started and that her boyfriend was the father. This is the same boyfriend who had gotten her into trouble with the Law around the time I was in Jail.

(4)

She went on to tell me that with the help of her Aunt, Dedra Massoth that she went to a clinic and had an abortion. Dedra had known of Jane's Grandfather's proclamation and aided Jane in getting and hiding the abortion from the rest of the family.

When my Brother, Kevin Massoth died things betwwen Dedra and myself began to come to a head. One of the last conversations I and my brother had was of Dedra having an affair and that she had been cheating on him for almost two years. All of this while he was in and out of the hospitals with kidney broblems. Kiven told me during this meeting that he did not want his childern being raised by Dedra. Jane was prsent during this meeting.

Dedra had learned of the meeting from Jane. Dedra also knew I was asking local law enforcement to look into my brother's death as a possible homicide. Dedra knew how close I was with my brother and that I would not rest until what could be done was done.

Jane told me that Dedra had come to her when she found this out and told her that if she did not help her do something about me she would tell her Grandfather and the rest of the family about her abortion.

Since my brother's death, I had started paying more attention to what was going on around me and in my house. Up until then I had been burying myself in work, working over 70 hours a week most weeks and skipping taking vacations. My work records would have showed this.

(5)

It is needless to say that when I started paying attention to what Jane was doing with her life that she and I were at odds almost every day at this time. Her after school activities were coming to light. She was afraid I would find out everything she had been doing and of what I would do when I found out.

Since trial her Grandfather has learned a great deal about what Jane had been doing and what she is about. This is of course not to mention what she has been doing since, but her Grandfather has cut her off from any monetary help. Indeed most of the family has cut her off from any kind of help.

Dedra Massoth has moved to California and refuses to have any contact with any of her late husband's family. She kicked Jane out of her house before she left and has nothing to do with her now. Dedra has even refused to allow contact with her childern and their father's mother.

Jane went on to tell me that the District Attorney had this information concerning the pregnancy but choose to withhold it. I have been withholding this Information, (some of it) in order to try and confirm it and find the name of the clinic that did the abortion. After all if the District Attorney withheld this information he is quilty of several crimes himself.

Since I have had no luck with the State of Texas, both in the 208th District Court and in the Court of Criminal Appeals, I now come before this Court hoping beyond hope for aid.

I have no doubt that if all the facts were presented in a Court that the outcome would be effected a great deal.

III. To the rest of the response.

I have already tried to make it clear about Lori Massoth's testimony and the pressures put on her in the making of her testimony. Her father controls her every action and has for most of her life, even while she and I were married. Indeed her only true act of defiance in her life was to marry me.

All attempts to get anything done passed the 208th District Court have been rendered mute by it's Abuse of Discretion.

I have not since my arrest had the benefit of Counsel that has listen to me in the least bit. Not during or before trial. Not during any of the Appeals proceedings. Not ever. I have never been able to truly present my side of this case.

### PRAYER

I pray that this Court will finally recognize the injustice and shortfalls of the previous proceedings and **GRANT MY RELIEF**. I have no doubt that **GIVEN A NEW TRIAL** the outcome would be quite different.

## STATEMENT OF PRO SE ISSUE

Petitioner is neither a lawyer or paralegal, therefore Petitioner relies heavily upon <u>Haines V. Kernal ETAL. 92 S.Ct. 564,</u> and request this Honorable Court to hold Petitioner to less stringent standards in the drafting of this Brief in Support of Petition for Writ of Habeas Corpus by a Person in State Custody. If I have failed to make this part clear earlier it can be attributed to the fact that Petitioner is and was a laymen and relies solely on his abilities and no one else.

If any Ground for Relief, Issue or Fact is brought forth in this Brief that has not been done so previously it is because Petitioner was unaware of them or did not understand their implications. Petitioner relies on <u>U.S. V. Patts, 638 F.2d 748,</u> and asks not to be penalized because of his inexperiance respectively.

Also, it should be noted that Petitioner has been pursuing his Appeals without the benefit of his Trial Court Transcripts an issue that will be further addressed in his Ground under Denial of Due Process.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of compliance with Type-Volume Limitation, Typeface Requirments and Type Style Requirements.

1. This brief complies with the type volume limitation of Fed.R.App.P.32(a),(7),(B), because this uses a monospaced typeface and contains less then 1300 lines of text, excluding the parts of the brief exempted by Fed.R.App.P.32(a),(7),(B),(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P.32(a),(5) and type style requirements of Fed.R.App.P.32(a),(6) because this brief has been prepared in a monospaced typeface using plain style with 10½ per inch numbers and characters.

## CERTIFICATE OF SERVICE

The Petitioner, Wesley Earl Massoth, in compliance with COURT ORDER, has sent a true and correct copy of this Brief to the Respondent's Counsel, The Attorney General of the State of Texas, Greg Abbott, Attention; S. Micheal Bozarth, Supervisor, Post Conviction Litigation Division and or Assistant Attorney General, Peter S. McGuire, P.O. Box 12548, Capital Station, Austin, Texas 78711-2558.
The Petitioner is proceeding In Forma Pauperis and these copies are TYPED COPIES.

## INMATE'S DECLARATION

I, Wesley Earl Massoth, TDCJ #1176823, being presently incarcerated in the James V. Allred Unit declares under penalty of perjury that to my knowledge that this Brief and the Certificates, Information and Allegations provided in it are TRUE AND CORRECT.

Signed on SEPTEMBER 24, 2009    . *Wesley Earl Massoth*
Wesley Earl Massoth
Petitioner, Pro se
TDCJ #1176823
James V. Allred Unit
2101 FM 369 N.
Iowa Park, TX 76367

Wesley Earl Maretta #1176823
James V. Allred Unit
2101 FM-369N.
Iowa Park, TX 76367

U.S.P. 25 SEP PM 2009 TX 763

LEGAL Mail

Clerk
United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

SCREENED BY U.S. MARSHALS

United States Courts
Southern District of Texas
FILED
SEP 28 2009
Clerk of Court